**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EDMOND GAMORY, | : | PRISONER CIVIL RIGHTS |
| Inmate # 60350019, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-3749-TWT-GGB |
| | : | |
| SUNTRUST MORTGAGE, INC.; | : | |
| SUN AMERICA MORTGAGE, | : | |
|     Defendants. | : | |

## ORDER AND REPORT AND RECOMMENDATION

Presently pending for consideration are the following motions filed by Defendants Suntrust Mortgage, Inc., and Sun America Mortgage: (1) a motion to dismiss Plaintiff's complaint with brief in support [Doc. 14]; and (2) a motion to stay proceedings pending disposition of the motion to dismiss [Doc. 17]. For the reasons discussed below, I recommend that the motion to dismiss be granted and the motion to stay be denied as moot.

**I. Background**

Plaintiff, a prisoner proceeding *pro se*, brings this action alleging that Defendants wrongfully foreclosed on his property. According to Plaintiff, he obtained a loan from Defendants to purchase property in Rockdale County, Georgia.

Plaintiff contends that the mortgage was issued to him "based upon defective information in the loan application process, defective charges, [and] overinflated appraisals . . . ." Simply put, Plaintiff alleges that Defendants issued him a loan that he could not afford and that he was "set up" to lose his home. Plaintiff contends that he was not informed of various charges that later were assessed against him, and that he requested that Defendants refinance and modify his mortgage, but Defendants failed to do so. According to Plaintiff, Defendants wrongfully foreclosed on his property because the mortgage was invalid and Defendants lacked ownership of the mortgage. Plaintiff seeks injunctive relief and damages.

Defendants filed a motion to dismiss [Doc. 14], arguing that Plaintiff's complaint fails to state a claim upon which relief may be granted. Specifically, Defendants contend that Plaintiff fails to identify in his complaint any specific statutory violations by Defendants, and the complaint contains no relevant factual allegations. In addition, Defendants argue that, to the extent that Plaintiff is asserting claims under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, or the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*, such claims are time barred and are contradicted by the documents referenced in the complaint.

AO 72A
(Rev.8/8
2)

In their motion to dismiss, Defendants provide the following procedural history with regard to the loan transaction with Plaintiff:

Plaintiff acquired an interest in the real property located at 3348 Union Church Road, Stockbridge, Rockdale County, Georgia, and its improvements on April 20, 2006, from Ronald Glen Davidson via Warranty Deed. [Doc. 14, Attach. 2].[1] Plaintiff obtained a loan from SunTrust Mortgage to purchase the property on or about April 20, 2006. [*Id.*, Attach. 3]. To evidence the financing transaction, Plaintiff executed a Promissory Note in the amount of $270,400.00 in favor of Defendants. [*Id.*]. In connection with the loan, Plaintiff executed a Security Deed, an Adjustable Rate Rider, and a HUD-1 Settlement Statement. [*Id.*, Attach. 4 and 5]. In addition, Plaintiff had previously executed a Truth-in-Lending ARM Disclosure Statement for the Note providing, *inter alia*, notice of the possible changes in interest rates during the term of the loan. [*Id.*, Attach. 6].

---

[1]The Eleventh Circuit has held that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (quoting *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).

Plaintiff subsequently defaulted on the debt by failing to make the payments required by the Note and Security Deed. Based on Plaintiff's continuing failure to make payments and Defendants' rights under the Security Deed, Defendants accelerated the debt and retained a law firm to institute non-judicial foreclosure proceedings on Plaintiff's property. [*Id.*, Attach. 7]. Plaintiff failed to cure the default prior to the foreclosure sale. The law firm hired by Defendants conducted a non-judicial foreclosure of the property on the steps of the Rockdale County Courthouse on September 7, 2010, during the legal hours of sale under Georgia law. [*Id.*]. SunTrust Bank bought the property at the foreclosure sale. [*Id.*, Attach. 8].

## II. Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[D]etailed factual allegations" are not required, but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

4

alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

The typical shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings make it difficult to discern which allegations of fact correspond to which defendant or claim for relief, *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996), and they require the court to sift through the allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources," *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010) (citation omitted). The defining characteristic of a shotgun complaint is that it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." *Beckwith v. BellSouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). The Eleventh

5

Circuit has clearly established that shotgun pleadings are an unacceptable form of establishing a claim for relief. *Strategic Income Fund*, 305 F.3d at 1296.

Plaintiff's complaint fails to set forth any specific factual allegations with respect to any wrongdoing by the named Defendants. Plaintiff does not specify how Defendants have acted improperly with regard to the financing transaction or the subsequent foreclosure. Thus, his complaint is subject to dismissal.

In addition, Plaintiff has failed to satisfy the pleading requirements under Federal Rule of Civil Procedure 9(b) with regard to his fraud claims. In a diversity fraud action, the Federal Rules require a complaint to "state[ ] with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (per curiam) (citing *Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1027-28 n.1 (11th Cir. 2003) (per curiam)). The Rule 9(b) particularity requirement dictates that the complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

6

*Rogers v. Nacchio*, 241 F. App'x 602, 608 (11th Cir. 2007) (per curiam) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)). A plaintiff "need not prove [his] allegations in the complaint but must provide particular facts so the Court is not 'left wondering whether a plaintiff has offered mere conjecture or a specifically pleaded allegation on an essential element of the lawsuit.'" *Mitchell v. Beverly Enters.*, 248 F. App'x 73, 75 (11th Cir. 2007) (quoting *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1313 n.23 (11th Cir. 2002)). Failure to meet Rule 9(b)'s standards results in dismissal of the complaint. *Clausen*, 290 F.3d at 1310.

Although "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are therefore liberally construed," *Whitehurst*, 306 F. App'x at 447 n.2 (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)), a defendant's *pro se* status in civil litigation "generally will not excuse mistakes he makes regarding procedural rules." *Mickens v. Tenth Judicial Circuit*, 181 F. App'x 865, 875 (11th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that we "have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel")); *see also Whitehurst*, 306 F. App'x at 449 (applying

Rule 9(b) despite plaintiff's *pro se* status); *Barrett v. Scutieri*, 281 F. App'x 952, 954-55 (11th Cir. 2008) (per curiam) (same). Thus, Plaintiff's complaint must comply with Rule 9(b).

Plaintiff fails to specify in his complaint the alleged fraudulent statements made by Defendants, the time and place of each such statement, the identity of the employee(s) who allegedly made the statements, the content of the statements and how they misled Plaintiff, or what Defendants obtained as a consequence of the alleged fraud. Therefore, Plaintiff's fraud claims fail as a matter of law.

To the extent that Plaintiff raises claims under TILA, those claims are time barred. Claims for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff closed on the property on April 20, 2006. Plaintiff first asserted a claim for rescission in the initial pleading filed in this lawsuit on November 12, 2010, more than four years after the loan closed. Thus, any TILA claims are time barred.[2]

To the extent that Plaintiff raises any claims under RESPA, those claims fail. "[T]here is no private civil action for a violation of 12 U.S.C. § 2604(c), or any

---

[2] Furthermore, any claim of rescission under TILA would also be time-barred by the three-year statute of repose. *See* 15 U.S.C. § 1635(f).

8

regulations relating to it." *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (quoting *Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997)). Furthermore, any RESPA claim would be time barred by the one-year statute of limitations. *See* 12 U.S.C. § 2614.

In addition, Plaintiff's request to enjoin the foreclosure proceedings is moot, because by the time Plaintiff filed suit Defendants had already held the non-judicial foreclosure sale and sold Plaintiff's property. *Sampson v. Washington Mut. Bank*, No. 11-11400, 2011 WL 4584780, at *1 n.1 (11th Cir. Oct. 5, 2011).

To the extent that Plaintiff alleges a breach of fiduciary duty, his claim fails. According to Georgia law, there is no confidential relationship or fiduciary duty between a lender and a borrower, because "they are creditor and debtor with clearly opposite interests." *Pardue v. Bankers First Fed. Sav. & Loan Ass'n*, 334 S.E.2d 926, 927 (Ga. Ct. App. 1985).

For all the reasons stated, Plaintiff's complaint is subject to dismissal.

## IV. Conclusion

Based on the foregoing, **I RECOMMEND** that Defendants' motion to dismiss [Doc. 14] be **GRANTED** and that Plaintiff's claims against Defendants be **DISMISSED**.

AO 72A
(Rev.8/82)

**I FURTHER RECOMMEND** that Defendants' motion to stay proceedings pending the disposition of the motion to dismiss [Doc. 17] be **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED** this 16th day of December, 2011.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)